IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IRELAND, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CURT F. GANDY, et al., | : | No. 19-3459 |
|     Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                                              **October 25, 2019**

      Presently before the Court is George Ireland's Motion to Remand this case to state court. For the reasons that follow, Ireland's motion is granted and the case is remanded to the Court of Common Pleas of Delaware County.

**I. BACKGROUND**

      This case arises from a motor vehicle accident involving Curt Gandy and George Ireland. At the time of the accident, Gandy was driving a vehicle that he rented from Zaina Corporation. Ireland filed a complaint in the Court of Common Pleas of Delaware County, against Gandy and Zaina Corporation on June 14, 2018. Plaintiff amended his complaint three times, each time adding another defendant—first GMI N.A., Inc., then Plaza Insurance Company, and finally Liberty Mutual, his own insurer. Liberty Mutual filed a notice of removal on July 31, 2019.

      Plaintiff filed a motion to remand the case to state court on August 30, 2019. Plaza, GMI, and Liberty Mutual filed responses in opposition to remand. To date, neither Gandy nor Zaina Corporation have filed a response to the motion for remand or participated meaningfully in this action.[1]

---

[1] According to Liberty Mutual's Notice of Removal and Plaintiff's Motion to Remand, Plaintiff has already obtained a default judgment against Gandy in the state court action.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C § 1446(a), "a defendant or defendants desiring to remove any civil action from a State court shall file in the district court…a notice of removal…containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants[.]" 28 U.S.C § 1446(a). The notice of removal must be filed within 30 days of service of the complaint on the defendant seeking removal. 28 U.S.C. §1446(b). After a case has been removed, "a plaintiff may challenge removal by moving to remand the case back to state court." *The Knit With v. Aurora Yarns*, Civ. A. No. 09-5981, 2010 WL 844739, at *3 (E.D. Pa. Mar. 11, 2010). Remand is appropriate if the district court lacks subject matter jurisdiction or there is a defect in the removal process. *Id*. The removing party has the burden of establishing the propriety of removal and "all doubts must be resolved in favor of remand." *McMillan v. Wilkie Trucking Inc.*, Civ. A. No. 13-7104, 2014 WL 695583, at *2 (E.D. Pa. Feb. 21, 2014).

## III. DISCUSSION

Here, Plaintiff seeks remand based on procedural defects in removal.[2] Ireland is correct that the removal in this case was procedurally defective. "[I]t is well-established that in cases

---

[2] Plaintiff argues that 28 U.S.C. § 1446(c) commands remand in this case. Section 1446(c) provides that a case removed based on diversity jurisdiction, which was not removable based on the original pleading, cannot be removed more than one year after commencement of the suit. *See* 28 U.S.C. 1446(c). Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Liberty Mutual was not joined as a defendant or served with the Third Amended Complaint until more than one year after commencement of this litigation. However, contrary to Plaintiff's contention, section 1446(c) is not applicable here because the case **was** removable based on the original pleading. Plaintiff, a citizen of New Jersey, initiated this action against Defendants Gandy and Zaina Corporation, both citizens of Virginia. Thus, diversity of citizenship existed based on the initial pleading. *See Coralluzzo v. Darden Restaurants, Inc.*, Civ. A. No. 13-6882, 2015 WL 4713275, at *3 (E.D. Pa. Aug. 6, 2015) ("Complete diversity of citizenship requires that no plaintiff be a citizen of the same

involving multiple defendants all defendants must join in the notice of removal." *Ogletree v. Barnes*, 851 F. Supp. 184, 186 (E.D. Pa. 1994). This "rule of unanimity," requires that, "[a]ll defendants to an action must expressly, officially and unambiguously consent to join in a notice of removal to federal court." *McGuigan v. Darden*, Civ. A. No. 11-6563, 2012 WL 832168 at *3 (E.D. Pa. Mar. 13, 2012), (quoting *Morganti v. Armstrong*, Civ. A. No. 00-6343, 2001 WL 283135, at *4 (E.D. Pa. Mar. 19, 2001)). This case lacks the unanimous consent of all defendants to removal. To perfect removal, the consent of all defendants must be confirmed within the 30-day time period for removal. 28 U.S.C. § 1446(b)(2)(A), (B). "Failure to join in or consent to removal is a fundamental, rather than technical, defect." *Coralluzzo v. Darden Restaurants, Inc*., Civ. A. No. 13-6882, 2015 WL 4713275 (E.D. Pa. Aug. 6, 2015).

Liberty Mutual alleged in its Notice of Removal that all defendants consented, with the exception of Gandy, however, it did not include any indication of such consent with the Notice. Although Plaza and GMI have demonstrated their consent through participation in this action, none of the Defendants affirmatively consented to Liberty Mutual's removal within the required time frame. Moreover, Zaina Corporation did not even enter an appearance in this matter until October 22, 2019. Based on the mandatory nature of the rule of unanimity, the case must be remanded to state court.

For the foregoing reasons, Plaintiff's motion is granted. The case is remanded to the Court of Common Pleas of Delaware County. An order consistent with this Memorandum will be docketed separately.

---

state as any defendant.") Plaintiff does not contest that the amount in controversy exceeded $75,000.